IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:24-CR-24 |
| | § | JUDGE BARKER |
| FEI LIAO | § | |

## **ELEMENTS OF THE OFFENSE**

You are charged in **Count Two** of the Indictment with a violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering. The essential elements which must be proven to establish violation of this offense are:

FIRST: That you and one or more other persons, directly or indirectly, reached an agreement to commit the crime of laundering monetary, as defined in 18 U.S.C. § 1956(a)(1)(B)(i);

SECOND: That you knew of the unlawful purpose of the agreement; and

THIRD: That you joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all of the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly joins in that plan or scheme on one occasion, that is sufficient to convict him/her for conspiracy even though

the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the person alleged to have been members of the conspiracy were such, or the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

A defendant may be found to have knowledge of a fact if the defendant deliberately closed his/her eyes to what would otherwise have been obvious to him/her. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself/herself to the existence of a fact.

The government must prove beyond a reasonable doubt that the defendant knew he/she conspired to commit the offense of money laundering, but need not prove that the defendant knew what particular specified unlawful activity was involved.

The essential elements of the object crime of the conspiracy as defined by 18 U.S.C. § 1956(a)(1)(B)(i) are:

FIRST: That the defendant knowingly conducted or attempted to conduct a financial transaction;

SECOND: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity;

THIRD:    That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

FOURTH:    That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

    Respectfully submitted,

    JAY R. COMBS
    ACTING UNITED STATES ATTORNEY

    */s/ Robert Austin Wells*
    ROBERT AUSTIN WELLS
    Assistant U.S. Attorney
    Texas Bar No. 24033327
    110 North College Avenue, Suite 700
    Tyler, Texas 75702
    (903) 590-1400
    robert.wells3@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I certify that I have consulted with counsel for the defendant on or about the date of filing, and said counsel does not oppose the filing of this notice.

                                        */s/ Robert Austin Wells*
                                        ROBERT AUSTIN WELLS
                                        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Elements of the Offense has been served on counsel of record for the defendant via ECF on the 26th day of June, 2025.

                                        */s/ Robert Austin Wells*
                                        ROBERT AUSTIN WELLS
                                        Assistant U.S. Attorney