IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 6:24-CR-24 |
| | § | JUDGE BARKER |
| FEI LIAO | § | |

## FACTUAL BASIS

Investigation by the United States Secret Service (USSS) and the Big Stone County, Minnesota Sheriff's Office disclosed the following facts that establish that I, the defendant, **Fei Liao**, violated 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering, as charged in **Count Two** of the Indictment. I accept the following factual basis as true and correct:

1. From on or about May 2023, and continuing through February 2024, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, I knowingly combined, conspired, and agreed with other persons, known and unknown, to commit offenses against the United States in violation of 18 U.S.C. § 1956, that is: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, knowing under the law that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, and that while conducting and attempting to conduct such financial transactions, I am responsible for knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2. I understand that, under the law, knowledge of facts which establish the essential elements of this offense is attributable to me because I deliberately closed my eyes to these facts that would otherwise have been obvious to me had I chosen to look behind what the co-conspirators were doing to fund bank accounts I had opened for them to use. This deliberate blindness to the facts went beyond being negligent, careless, or foolish, as I chose not to see the existence of these facts.

3. As such, it can be said that, under the law, I knowingly and intentionally assisted people I later realized were engaged in fraudulent activity by opening bank accounts for their use, control of which I turned over to these co-conspirators.

4. During the existence of the conspiracy, the property involved in the transactions represented the proceeds of some form of specified unlawful activity.

5. At least one of the victims of the conspiracy who lived in the Eastern District wired funds to a bank account that I had opened for the co-conspirator's purpose of receiving such wire transfers.

6. Further, I admit and stipulate that, although I did not personally engage in wire fraud, did not obtain funds by engaging in fraudulent activity myself, and otherwise did not participate in the unlawful acquisition of moneys by fraud, under the law I had knowledge that the transactions I participated in were intended to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity.

7. It is true that I deliberately blinded myself to the unlawful purpose of the conspiracy. Nonetheless, I willfully joined with others, both known and unknown to myself and the Grand Jury knowingly and intentionally, with the intent of furthering what I knew to be an unlawful purpose of the conspiracy, that is, money laundering.

8. Given the attribution of my knowledge by virtue of my own deliberate ignorance, my knowledge of the illicit nature of the funds and the volume of transactions I conducted, and the fact that that the wire transfers that I conducted were intended to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity of my co-conspirators, can all be attributed to me.

9. The value of the laundered funds was more than $3,500,000 but less than $9,500,000.

10. I admit and stipulate that I have learned that the victims of this offense suffered losses in the amount of at least $3,578,528.02 and that this is the baseline amount of restitution to be imposed in this case.

11. I stipulate that the United States is entitled to an order of forfeiture for the following:

**(a) Cash Proceeds**:

> A sum of money equal to $531,899.00 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds I obtained as a result of the offense alleged in Count Two of the indictment, for which I am personally liable.

**(b) U.S. Currency**:

> $2,305,233.88 seized from Citibank account x0912 in the name of Elights Trading on or about October 12, 2023, in Sioux Falls, South Dakota.

12. I acknowledge that these acts constitute violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering.

[SIGNATURE PAGE FOLLOWS]

**Defendant's Signature and Acknowledgment:**

I hereby stipulate that the facts described above are true and correct and accept them as the uncontroverted facts of this case.

Dated: 6-20-2025

x Fei Liao
FEI LIAO
Defendant

**Defendant's Counsel's Signature and Acknowledgment:**

I have read this Factual Basis and the Plea Agreement in this matter and have reviewed them with my client. Based upon my discussions with my client, I am satisfied that he understands the terms and effects of the Factual Basis and the Plea Agreement and that he is signing this Factual Resume voluntarily.

Dated: 6-20-2025

KENNETH R. HAWK, II
Attorney for Defendant